MITCHELL
v.
DENBO.

MITCHELL and Others v. DENBO.

Debt on a bond for the delivery of goods taken in execution. *Held*, that if the value of the goods be sufficient to satisfy the execution, the plaintiff, in case of their non-delivery, shall recover the amount due on the execution, with interest and 10 *per cent.* damages.

The names of the petit jurors must be recorded, as prescribed by statute, or the array may be challenged.

·APPEAL from the *Harrison* Circuit Court.   In this case *Denbo* was the plaintiff, and *Mitchell* and others the defendants, in the Circuit Court.   Verdict and judgment for the plaintiff.

*Saturday, June 8.*

STEVENS, J.—This is an action brought on a delivery-bond, for the delivery of certain goods and chattels to the sheriff at the time and place of sale; those goods and chattels having been, by the sheriff, seized and taken in execution on a writ of *fi. fa.*; and the breach assigned is the failure to deliver.   The whole proceedings and the bond are bottomed on the 12th section of the act of 1831, subjecting real and personal estate to execution.   In this case two errors exist.

The plaintiff, after he had proved that the goods and chattels which the obligors bound themselves to deliver, were sufficient to satisfy the execution, moved the Court to instruct the jury that they must find the amount due on the execution, with interest, and also 10 *per cent.* damages thereon; but the Court refused to give so much of the instructions asked, as relates to the 10 *per cent.* damages.   This is error: the instruction should have been given.   The statute will fairly bear that construction, standing alone, and when taken in connexion with other statutes passed at the same session, and particularly the 15th section of the act respecting constables, it is clearly inferable that such was the intention of the legislature.   This instruction gives one uniform rule, equally applicable to every class of cases arising on such bonds.  The other construction produces an incongruity for which we can see no good reason.

It further appears, that when the jury were about to be sworn, · the defendant challenged the array for a default in the clerk, in not having recorded the panel in the order book of the Circuit Court, as he is required to do by the statute; and that the

May Term, 1833.

MITCHELL
v.
DENBO.

challenge was overruled. There is also error in this. The challenge should have prevailed. Vide *Mitchell* v. *Likens*, at this term of this Court.

*Per Curiam.*—The judgment is reversed, and the verdict set aside, with costs. Cause remanded, &c.

J. H. *Farnham*, for the appellants.

C. *Dewey*, for the appellee.